[No. B056734. Second Dist., Div. Six. Feb. 25, 1992.]

MICHAEL D. BRADBURY, as District Attorney, etc., Plaintiff, v. JACK D. KAISER et al., Defendants and Respondents; FRANCHISE TAX BOARD, Defendant and Appellant.

## Counsel

Daniel E. Lungren, Attorney General, Edmond B. Mamer and Marla K. Markman, Deputy Attorneys General, for Defendant and Appellant.

Peter J. Celeste for Defendants and Respondents.

## Opinion

**GILBERT, J.**—We hold that a withholding order served pursuant to Revenue and Taxation Code[1] section 18817 is not subject to Government Code section 7170, subdivision (c)(2) which establishes priorities between state tax liens and other perfected liens on personal property. We reverse.

### FACTS

The subject matter of the dispute is a cashier's check in the amount of $15,000 made payable to Charles S. Hodson. The check was seized during a

---

[1]All statutory references are to the Revenue and Taxation Code unless otherwise stated.

search of a house by investigators from the Ventura County District Attorney's Office on September 29, 1989.

Hodson owed the State of California $113,882.75 for personal income taxes. He also had two money judgments against him. One judgment in favor of Jack D. Kaiser and others was for $120,617. Another judgment in favor of Cederic B. Emery and others was for $318,346.

On October 3, 1989, the Franchise Tax Board (FTB) served on the district attorney a notice of levy and an order to withhold property belonging to Hodson.

On October 5, Kaiser filed a notice of judgment lien on personal property with the Secretary of State.

On October 10, the FTB filed a notice of state tax lien with the Secretary of State.

The district attorney brought an action in interpleader naming the FTB, Kaiser and Emery as defendants. The trial court found in favor of Kaiser stating that under Government Code section 7170 a state tax lien is not valid against a judgment lien that is perfected prior to the time a notice of state tax lien is filed with the Secretary of State.

## DISCUSSION

Division 2, part 10, chapter 19 of the Revenue and Taxation Code provides a variety of methods for the collection of taxes. Article 1 of chapter 19 concerns tax withholding. The article includes section 18817[2] which requires a party served with a withholding notice to withhold amounts due for taxes from the property of the designated taxpayer. Article 4 of chapter

---

[2]Section 18817 provides in part:

"The Franchise Tax Board may by notice, served personally or by first-class mail, require any employer, person, officer or department of the state, political subdivision or agency of the state, including the Regents of the University of California, a city organized under a freeholders' charter, or a political body not a subdivision or agency of the state, having in their possession, or under their control, any credits or other personal property or other things of value, belonging to a taxpayer or to an employer or person who has failed to withhold and transmit amounts due pursuant to Section 18815 or 18818, to withhold, from such credits or other personal property or other things of value, the amount of any tax, interest, or penalties due from the taxpayer or the amount of any liability incurred by such employer or person for failure to withhold and transmit amounts due from a taxpayer under this part and to transmit the amount withheld to the Franchise Tax Board at such times as it may designate."

19 provides for a lien of tax. The article includes section 18881[3] which imposes a tax lien on the property of a taxpayer who fails to pay taxes when they become due and payable.

Section 18881 provides that a tax lien is subject to provisions of the Government Code including Government Code section 7170. Government Code section 7170, subdivision (c)(2)[4] provides in part that a state tax lien is not valid against a person (other than the taxpayer) who perfects an interest prior to the time a notice of state tax lien is filed with the Secretary of State. Kaiser perfected his judgment lien on the personal property of Hodson by filing a notice of judgment lien with the Secretary of State. (Code Civ. Proc., § 697.510, subd. (a).) ■ Because Kaiser perfected his judgment lien prior to the time the FTB filed its notice of tax lien, his judgment lien has priority over the tax lien.

But the remedies provided in the Revenue and Taxation Code are cumulative (§ 18931), and a tax lien and a withholding order are not the same; they are governed by different articles and sections of the Revenue and Taxation Code. Unlike the section governing tax liens (§ 18881), the section governing withholding orders (§ 18817) is not made subject to the Government Code. Had our Legislature intended withholding orders to be subject to Government Code section 7170, it would have said so. Here the FTB's withholding order, having been served prior to the perfection of Kaiser's judgment lien, has priority over the judgment lien. It follows that the withholding order also has priority over Emery's attempted levy.

■ At oral argument Kaiser contended that a "tax assessment" is a prerequisite to a valid withholding order. By "tax assessment" he apparently means a formal notice to the taxpayer that a certain amount of tax is due. But section 18817 does not require such an assessment. All the section requires is that tax, interest or penalties be due from the taxpayer or that an employer

---

[3]Section 18881 provides in part:

"(a)   If any taxpayer or person fails to pay any liability imposed under this part at the time that it becomes due and payable, the amount thereof, (including any interest, additional amount, addition to tax, or penalty, together with any costs that may accrue in addition thereto) shall thereupon be a perfected and enforceable state tax lien. Such a lien is subject to Chapter 14 (commencing with Section 7150) of Division 7 of Title 1 of the Government Code."

[4]Government Code section 7170, subdivision (c)(2) provides:

"(c)   A state tax lien is not valid as to personal property against:

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(2)   Any person (other than the taxpayer) who acquires an interest in the property under the law of this state without knowledge of the lien or who perfects an interest in accordance with the law of this state prior to the time that the notice of state tax lien is filed with the Secretary of State pursuant to Section 7171."

have liability for failure to withhold taxes. If a withholding order directs more money to be withheld than is in fact due, junior lien holders will not be harmed because their liens will have priority in the excess.

The judgment is reversed. Costs are awarded to the FTB.

Stone (S. J.), P. J., and Yegan, J., concurred.